IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

APPEAL NO. 23-11326-FF

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

RICHARD VIEUX,

Defendant-Appellant.

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

_____

REPLACEMENT INITIAL BRIEF OF APPELLANT VIEUX

_____

A. Fitzgerald Hall, Esq.
Federal Defender
Middle District of Florida

Laura Anne Ferro, Esq.
Research and Writing Attorney
Florida Bar No. 1015841
2075 W. First Street, Suite 300
Fort Myers, Florida 33901
Telephone: (239) 334-0397
E-Mail: Laura_Ferro@fd.org
Counsel for Appellant

# Appeal No. 23-11326-FF

## UNITED STATES OF AMERICA v. RICHARD VIEUX

## CERTIFICATE OF INTERESTED PERSONS

The persons listed below are interested in the outcome of this case:

Adams, Carolyn J.

Albritton, A. Brian

Bailey, Lynn Palmer

Baker, Hon. David A.

Beckman, Samantha E.

Bentley, A. Lee, III

Billingsley, Michael B.

Bowdre, Hon. Karon O.

Bucella, Donna A.

Cauley, Michael A. "Mac"

Conway, Hon. Anne C.

Corrigan, Hon. Timothy J.

Daines, Laura J.

Dietrich, Hon. Donald P.

Elm, Donna L.

*United States of America v. Richard Vieux*

**AMENDED CERTIFICATE OF INTERESTED PERSONS – CONT'D**

Ferro, Laura Anne

Greene, Hon. Paul W.

Guzman, Maria

Hall, A. Fitzgerald

Handberg, Roger B.

Hinshelwood, Ian B.

Hoppmann, Karin

Irick, Hon. Daniel C.

Klindt, James R.

Labonte, Adam

Lopez, Maria Chapa

Miller, George N.

Minor victims whose identities are protected

Muldrow, W. Stephen

Napier, Shawn P.

Nucci, Edward C.

*United States of America v. Richard Vieux*

**AMENDED CERTIFICATE OF INTERESTED PERSONS – CONT'D**

O'Neill, Robert E.

Peak, Clothera White a/k/a Rita Peak

Perez, Paul I.

Ravenel, J. Bishop

Rhodes, David P.

Skuthan, James

Siekkinen, Sean

Smith, Christopher L.

Smith, Jenny L.

Steverson, Carolyn W.

Taylor, Gregory a/k/a Williams, Juan

Taylor, Michelle Annette

Vance, Joyce W.

Vieux, Richard

Washington, Stephanie

Welch, Juliann

*United States of America v. Richard Vieux*

AMENDED CERTIFICATE OF INTERESTED PERSONS – CONT'D

Wick, Kara M.

Wilson, Charles R.

No publicly traded company or corporation has an interest in the outcome of this appeal.

**STATEMENT REGARDING ORAL ARGUMENT**

This Court has determined oral argument is necessary. 11th Cir.
Doc. 25. It is scheduled the week of October 7, 2024, in Jacksonville,
Florida. *Id.*

# TABLE OF CONTENTS

**Contents**                                                                              **Page**

Certificate of Interested Persons ........................................................... C1

Statement Regarding Oral Argument ........................................................ i

Table of Authorities ................................................................................ iv

Statement of Subject Matter and Appellate Jurisdiction ....................... vi

Statement of the Issues ............................................................................ 1

Statement of the Case .............................................................................. 1

    I.      Course of Proceedings ............................................................. 1

    II.      Statement of the Facts ............................................................ 2

          A. Cocaine/crack cocaine offense ............................................ 2

          B. Sentencing. ......................................................................... 3

          C. First Step Act § 404 motion. .............................................. 4

    III.      Standard of Review ................................................................ 4

Summary of the Arguments ..................................................................... 5

Arguments and Citations of Authority .................................................... 6

    I.      Mr. Vieux has a covered offense under the First Step Act §
          404. ........................................................................................ 6

          A. The critical question in determining if a defendant has a
            covered offense is for what offense the defendant was
            *sentenced*. ............................................................................ 7

**Contents**                                                                                          **Page**

B. Mr. Vieux was sentenced for a cocaine base offense—the penalty for which was decreased under the Fair Sentencing Act, made retroactive through the First Step Act § 404. ....... 9

C. The district court's illegal general sentence cannot bar Mr. Vieux from § 404 relief and he is entitled to consideration for his covered offense even if other counts would result in a longer term of imprisonment. ................................................ 13

II.     This Court should direct the district court to correct Mr. Vieux's illegal general sentence. ............................................................ 16

III.    This Court should reassign Mr. Vieux's case on remand. ........ 19

Conclusion ............................................................................................. 22

Certificate of Compliance with Type-Volume Limit .............................. 22

Certificate of Service .............................................................................. 23

**Page**

**Cases**

*Concepcion v. United States*, 597 U.S. 481 (2022) ........................ 7, 16, 18

*Dorsey v. United States*, 567 U.S. 260 (2012) ......................................... 15

*Erickson v. Pardus*, 551 U.S. 89 (2007) ................................................. 20

*Lavell Jackson v. United States*, 143 S. Ct. 72 (2022) .............................. 8

*Randall v. Loftsgaarden*, 478 U.S. 647 (1986) ......................................... 7

*United States v. Aldrich*, 566 F.3d 976 (11th Cir. 2009) (cleaned up) ..... 7

*United States v. Curtis*, 66 F.4th 690 (7th Cir. 2023) .............................. 17

*United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020) ...................... 16

*United States v. Files*, 63 F.4th 920 (11th Cir.), *cert. denied*, 144 S. Ct. 419 (2023) ........................................................................................ 16

*United States v. Fowler*, 749 F.3d 1010 (11th Cir. 2014) ....................... 17

*United States v. Jackson*, 58 F.4th 1331 (11th Cir. 2023) .................... 5, 8

*United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020) ................. 8, 9, 11

*United States v. Richardson*, 96 F.4th 659 (4th Cir. 2024) .................... 17

*United States v. Spencer*, 998 F.3d 843 (8th Cir. 2021) ......................... 17

*United States v. Taylor*, 982 F.3d 1295 (11th Cir. 2020) ............... 6, 7, 15

*United States v. Torkington*, 874 F.2d 1441 (11th Cir. 1989) .......... 19, 21

*United States v. Woodard*, 938 F.2d 1255 (11th Cir. 1991) .................... 13

**Statutes**

18 U.S.C. § 1951(a) ....................................................................... 2

18 U.S.C. § 2119 ....................................................................... 1, 2

18 U.S.C. § 3582(c)(1)(B) ....................................................... vi, 6

18 U.S.C. § 371 ............................................................................ 1

18 U.S.C. § 922(g) ...................................................................... 1

18 U.S.C. § 924(c) ................................................................... 1, 4

21 U.S.C. § 841(a) ........................................................... 2, 3, 8, 10

21 U.S.C. § 841(b) ............................................................ 4, 8, 11

28 U.S.C. § 1291 ........................................................................ vi

28 U.S.C. § 2106 ................................................................. 18, 19

28 U.S.C. § 2255 ........................................................ 7, 17, 20, 21

**Other Authorities**

Fair Sentencing Act of 2010, Pub. L. No. 111-220,
124 Stat. 2372 ...................................................... 5, 7, 8, 9, 14

First Step Act of 2018, Pub L. No. 115-391 § 404,
Stat. 5194 (2018) ..................... 1, 2, 4, 5, 6, 7, 9, 12, 14, 15, 16, 17, 18, 22

**United States Sentencing Guidelines ("USSG")**

USSG §2D1.1 ...................................................................... 3, 10

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a direct appeal from a final order denying Richard Vieux's motion to reduce his sentence under the First Step Act in a criminal case, imposed by the United States District Court for the Middle District of Florida, Orlando Division, on April 5, 2023. Doc. 549. The district court had jurisdiction under 18 U.S.C. § 3582(c)(1)(B).

Mr. Vieux filed a timely notice of appeal on April 16, 2023. Doc. 550. This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

**Issue I**:    Whether Mr. Vieux has a covered offense under the First

Step Act § 404.

**Issue II**:    Whether this Court should direct the district court to fix

Mr. Vieux's illegal general sentence.

**Issue III**:  Whether this Court should reassign Mr. Vieux's case on

remand.

## STATEMENT OF THE CASE

### I.    COURSE OF PROCEEDINGS

In 1995, Appellant-Defendant Richard Vieux was indicted in a

multi-defendant, multi-count case.  Doc. 1.  The final charges against him

were:

> Count 1: conspiracy to commit carjacking, to use and carry a
> firearm during and in relation to a crime of violence, to obstruct
> commerce by robbery, to transport stolen goods in interstate
> commerce, and to possess with intent to distribute cocaine in
> violation of 18 U.S.C. § 371;
>
> Count 2: attempted carjacking in violation of 18 U.S.C. §§ 2119(1)
> and (2);
>
> Counts 3, 7, 9: carrying a firearm in relation to a crime of violence
> in violation of 18 U.S.C. §§ 924(c)(1) and (2);
>
> Counts 5, 10, 12: being a felon in possession of a firearm in violation
> of 18 U.S.C. § 922(g)(1);

> Count 6: carjacking in violation of 18 U.S.C. §§ 2119(1) and (2);
>
> Count 8: obstructing commerce by robbery in violation of 18 U.S.C. § 1951(a)(1) and (2);
>
> Count 11: possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. § 841(a)(1) and (2).

Doc. 173. A jury found him guilty of all counts. Doc. 160. The district court sentenced him to a general life sentence on all non-§ 924(c) counts, plus a consecutive 45 years for his § 924(c) charges (counts 3, 7, 9). Doc. 203. It is undisputed that this was an illegal general sentence, which violated the mandatory maximum sentences for several counts. Since sentencing, Mr. Vieux has challenged the judgment without success.

In July 2022, Mr. Vieux moved pro se for a sentence reduction under the First Step Act § 404. Doc. 532. The government responded in opposition and Mr. Vieux replied. Docs. 544, 545. The district court denied his motion and he appealed. Docs. 549-550.

## II. STATEMENT OF FACTS

### A. Cocaine/crack cocaine offense.

When Mr. Vieux was 22 years old, he was indicted in a multi-defendant, multi-count case. Doc. 1; Presentence Investigation Report

("PSR") ¶ 5. The relevant criminal conduct for this appeal is his cocaine/crack cocaine offense (count 11).

On or about May 6, 1995, Mr. Vieux and others purchased a quarter kilogram of powder cocaine in Florida. PSR ¶ 11. A codefendant decided to sell the cocaine in Pennsylvania and all or part of it was converted to cocaine base. *Id.* On or about May 15, 1995, Mr. Vieux's and his codefendants' vehicle was stopped by the police. *Id.* ¶ 14. The police found approximately seven grams of cocaine base and a triple beam balance scale. *Id.* Mr. Vieux was arrested. *Id.* The Court adopted these facts at sentencing. Doc. 509 at 4.

## B. Sentencing.

In advance of sentencing, the PSR calculated Mr. Vieux's statutory sentencing range and sentencing guidelines. In determining the base offense level for count 11, the PSR states:

> The guideline for a violation of 21 U.S.C. § 841(a)(1) is found in USSG §2D1.1 That section specifies a base offense level of 26 for an offense involving at least 5 grams, but less than 20 grams of cocaine base. Specifically, this offense involved 7 grams of cocaine base. USSG §2D1.1(c)(7).

PSR ¶ 60. That yielded a base offense level of 26. *Id.* The PSR also determined that the statutory term of imprisonment was at least five

years and not more than 40 years—the statutory range for an offense involving at least five grams of cocaine base. *Id*. ¶ 114; 21 U.S.C. § 841(b)(1)(B) (1995). Powder cocaine was not mentioned in determining the guideline range or statutory term of imprisonment.

The district court adopted the PSR and guideline calculations at sentencing. Doc. 509 at 4. It determined the total offense level was 43 and criminal history category was III, yielding a guideline range of life imprisonment plus a consecutive 45 years. *Id*. at 4. The district court imposed a general sentence of life imprisonment plus a consecutive 45 years for the § 924(c) counts, followed by five years of supervised release. *Id*. at 5.

### C.  First Step Act § 404 Motion.

In July 2022, Mr. Vieux filed a pro se motion for sentence reduction under the First Step Act § 404. Doc. 532. The government responded in opposition, and he replied. Docs. 544-545. The district court denied his § 404 motion, finding he did not have a covered offense. Doc. 549.

## III.  STANDARD OF REVIEW

This Court reviews de novo questions of statutory interpretation and whether a district court had authority to modify a term of

imprisonment. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023).

SUMMARY OF THE ARGUMENTS

**Issue I**: Mr. Vieux has a covered offense under the First Step Act § 404. The critical question in determining if a defendant has a covered offense is for what offense the defendant was *sentenced*. Mr. Vieux was sentenced for a cocaine base offense—the penalty for which was decreased under the Fair Sentencing Act, made retroactive through the First Step Act § 404. He has met his burden to prove he was thus sentenced. The district court's illegal general sentence cannot bar him from § 404 relief and he is entitled to consideration for his covered offense even if a longer term of imprisonment remains in place for another count.

**Issue II**: This Court should direct the district court to correct Mr. Vieux's illegal general sentence. While this Court has held that a district court is permitted to reduce a defendant's sentence under § 404 only on a covered offense, given the illegal general sentence the district court imposed, it must break out the sentence for each of Mr. Vieux's counts to properly consider a reduction for his covered offense. Further, this Court should reconsider its previous determination that a district court is

permitted to reduce a defendant's sentence under § 404 on only a covered offense.

Issue III: This Court should reassign Mr. Vieux's case on remand. The district court's treatment of his 28 U.S.C. § 2255 motion combined with its imposition of an illegal general sentence of life imprisonment in an approximately seven-minute sentencing hearing, creates at least the appearance that the original judge will not fairly consider his case upon remand.

ARGUMENTS AND CITATIONS OF AUTHORITY

## I. Mr. Vieux has a covered offense under the First Step Act § 404.

A district court generally "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But several exceptions exist. *See* § 3582(c)(1)-(2). One is if such modification is "expressly permitted by statute." § 3582(c)(1)(B). The First Step Act § 404 is such a statute and allows modification of a defendant's sentence if he was sentenced for a covered offense. Pub. L. 115-391, § 404. "Determining whether a prisoner is eligible for relief under the First Step Act is a question of statutory interpretation." *United States v. Taylor*, 982 F.3d

6

1295, 1298 (11th Cir. 2020), *abrogated on other grounds by Concepcion v. United States*, 597 U.S. 481 (2022).

> **A. The critical question in determining if a defendant has a covered offense is for what offense the defendant was *sentenced*.**

In determining if a defendant is eligible for relief under the First Step Act, this Court "begin[s], as always, with the text." *Taylor*, 982 F.3d at 1298; *see Randall v. Loftsgaarden*, 478 U.S. 647, 656 (1986) (finding the starting point of statutory interpretation is "the language of the statute itself"). The "cardinal canon" of statutory interperterion is that "courts must presume that a legislature says in a statute what it means and means what it says...." *United States v. Aldrich*, 566 F.3d 976, 978 (11th Cir. 2009) (cleaned up).

The language of § 404 is clear:

> A court that *imposed a sentence for a covered offense* may, on motion of the defendant...impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111-220; 124 Stat. 2372) were in effect at the time the covered offense was committed.

Pub. L. 115-391 § 404(b) (emphasis added). A covered offense is one for cocaine base where the statutory penalties were reduced under the Fair Sentencing Act of 2010 (Pub. L. 111-220). When Mr. Vieux was sentenced

pre-2010, a defendant who violated 21 U.S.C. §§ 841(a), (b)(1)(B)(iii)—such as by possessing with intent to distribute five grams or more of a mixture or substance containing cocaine base—faced a statutory penalty of five to 40 years. §§ 841(a), (b)(1)(B)(iii) (eff. to Oct. 2, 1996). Post-2010, a defendant must be accountable for 28 grams or more to receive the same statutory penalty. § 841(b)(1)(B)(iii).

So, the specific question is, "was Mr. Vieux *sentenced for* a covered offense?" (Spoiler: he was.) *See United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020), *cert. granted, judgment vacated sub nom. Lavell Jackson v. United States*, 143 S. Ct. 72 (2022), *opinion reinstated sub nom. United States v. Jackson*, 58 F.4th 1331 (11th Cir. 2023) ("To be eligible for a reduction, the district court must have 'imposed a sentence' on the movant for a 'covered offense.'"). This Court's decisions confirm this. *See Jones*, 962 F.3d at 1303 ("The movants all have a 'covered offense' because the district court *sentenced them* for violations of section 841 for which the Fair Sentencing Act modified the statutory penalties.") (emphasis added).

The government agrees that what Mr. Vieux was sentenced for is the critical question. It states, "had the district court sentenced Vieux to

40 years' imprisonment on count 11, we would have no qualms about agreeing that the sentence was grounded in a statutory range that was modified by the Fair Sentencing Act, and therefore was for a covered offense under the First Step Act." 11th Cir. Doc. 13 at 21.[1] But the government contends that Mr. Vieux has not and cannot meet his burden to show he was sentenced for a covered offense. Not so.

> **B. Mr. Vieux was sentenced for a cocaine base offense—the penalty for which was decreased under the Fair Sentencing Act, made retroactive through the First Step Act § 404.**

Mr. Vieux has met his burden and was sentenced for a covered offense. "To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment." *Jones*, 962 F.3d at 1300-01.

The facts underlying Mr. Vieux's relevant count 11 (possession with intent to distribute) are clear. Mr. Vieux and others purchased a quarter kilogram of powder cocaine in Florida. PSR ¶ 11. They converted it to cocaine base that they sought to sell. *Id*. When police stopped their

---

[1] Doc. 13 is the Brief of the United States. Mr. Vieux cites all record documents by the page numbers assigned by the CM/ECF system.

vehicle, officers found seven grams of cocaine base. *Id*. ¶ 14. The district court adopted these facts at sentencing. Doc. 509 at 4. So, what Mr. Vieux possessed *with intent to distribute* was cocaine base.

Further, the PSR unequivocally identifies cocaine base as the basis for Mr. Vieux's statutory and guidelines sentencing range. In determining the base offense level for count 11, the PSR states:

> The guideline for a violation of 21 U.S.C. § 841(a)(1) is found in USSG §2D1.1 That section specifies a base offense level of 26 for an offense involving at least 5 grams, but less than 20 grams *of cocaine base*. Specifically, this offense involved *7 grams of cocaine base*. USSG §2D1.1(c)(7).

PSR ¶ 60 (emphasis added). That yielded a base offense level of 26. *Id*. The PSR also determined the statutory term of imprisonment was at least five years and not more than 40 years. *Id*. ¶ 114. Powder cocaine is not mentioned in determining the guideline or statutory range for sentencing purposes. The district court adopted the PSR and guideline calculations at sentencing. Doc. 509 at 4.

The adopted five-to-40-year statutory range confirms that Mr. Vieux must have been sentenced for cocaine base—a covered offense. Mr. Vieux would have needed 500 grams or more of powder cocaine to trigger the same statutory range. § 841(b)(1)(B)(ii) (eff. to Oc. 2, 1996). But the

record shows the offense involved only a quarter kilogram (250 grams) of cocaine. Doc. 173 at 7; PSR ¶ 11. The statutory term of imprisonment for 250 grams of powder cocaine would have been zero to 20 years. §§ 841(b)(1)(B)(ii), (b)(1)(C) (eff. to Oct. 2, 1996). But five grams or more of cocaine base—and Mr. Vieux had seven—would trigger the adopted statutory range of five to 40 years. § 841(b)(1)(B)(iii) (eff. to Oc. 2, 1996).

The district court erred in denying Mr. Vieux's § 404 motion on the ground that he lacked a covered offense. In making its determination, the district court relied too heavily on the indictment and amended judgment. Doc. 549 at 10. While these documents may be relevant in determining what a defendant was sentenced for, they are not dispositive. When making the covered offense determination, a district court must consider more than just the indictment and judgment, but also "the sentencing record." *Jones*, 962 F.3d at 1300–01. Given the PSR's calculations of both Mr. Vieux's guidelines and statutory range, and the district court's adoption of these at sentencing, he was sentenced for cocaine base. The district court even acknowledged that his sentence for count 11 was based, at least in part, on cocaine base. Doc. 549 at 10-11 ("The Court appropriately considered Defendant's possession of 7

grams of crack cocaine at his arrest on May 15, 1995 in determining the base offense level even though that conduct was not the basis of the offense in the indictment."). And the district court acknowledged that the amount of powder cocaine was a quarter kilogram, *id.* at 10—not enough to trigger the 5-to-40-year statutory sentencing range that applied to count 11. Thus, he was sentenced for cocaine base and has a covered offense.

The government admits that the PSR determined an "enhanced statutory range of imprisonment . . . based on a quantity of crack cocaine . . . . If the district court had relied on the range specified in the PSR, the sentence imposed on that count—and that sentence only—would be eligible for a reduction under the First Step Act." 11th Cir. Doc. 13 at 9-10. But the district court adopted the PSR at sentencing. Boiled down, the government argues Mr. Vieux cannot prove he has a covered offense because the district court "failed to specify a discrete term of imprisonment for Vieux's cocaine conviction: just a general sentence of 'life imprisonment' encompassing the cocaine count and seven other counts." *Id.* at 10. That argument is a red herring. The district court's

imposition of an illegal general sentence does not bar Mr. Vieux from proving he had a covered offense.

### C. The district court's illegal general sentence cannot bar Mr. Vieux from § 404 relief and he is entitled to consideration for his covered offense even if other counts would result in a longer term of imprisonment.

The district court's illegal general sentence cannot bar Mr. Vieux from § 404 relief. A general sentence is an undivided sentence for more than one count that exceeds the maximum allowable sentence on at least one of the counts. *United States v. Woodard*, 938 F.2d 1255, 1256 (11th Cir. 1991). They are *per se* illegal in this circuit. *Id*. Here, the district court sentenced Mr. Vieux to a general life sentence that violated the statutory maximums on several counts. The government agrees. 11th Cir. Doc. 13 at 18 ("The general life sentence was erroneous as to several counts, which bore statutory maximums of less than life.")

To claim—as the government does—that Mr. Vieux cannot prove he was sentenced for a covered offense because of this illegal general sentence cannot be right. First, no matter the illegal nature of Mr. Vieux's sentence, the PSR—which the district court adopted—shows that what drove his sentencing on count 11 was cocaine base, a covered

offense.  The district court's mistake of a general sentence does not negate that.

Second, barring a defendant from § 404 relief because of an illegal sentence insults fundamental fairness.  Take a hypothetical like this case.  A district court imposes a 50-year sentence for 7 grams of cocaine base before the Fair Sentencing Act was passed.  Considering that sentence today, two issues arise: first, the district court's 50-year sentence was beyond the permissible statutory range of five to 40 years.  Second, that sentence was imposed for a covered offense, whose range was subsequently lowered by the Fair Sentencing Act made retroactive through the First Step Act.  So, the defendant has a right for the district court to consider whether he is entitled to a reduction for that covered offense.  If a sentencing mistake barred the defendant the right to § 404 consideration, a defendant would be denied that right only because he received an illegal sentence—an insult to fundamental fairness.  That is Mr. Vieux's case: the district court imposed a sentence for cocaine base beyond the statutorily permissible range.  The district court's error cannot preclude him from seeking the relief to which Congress entitled him.

What's more, such a bar would devastate the Congressional intent behind the Fair Sentencing Act and the First Step Act. The Fair Sentencing Act reduced "the crack-to-powder cocaine disparity from 100-to-1 to 18-to-1." *Dorsey v. United States*, 567 U.S. 260, 264 (2012). Made retroactive by the First Step Act, these Acts together serve to decrease the discrepancies in prison time defendants serve for cocaine base versus powder cocaine. A defendant's illegal sentence above the pre-2010 statutory range for cocaine base creates an even greater discrepancy between crack and powder cocaine. Thus, to have such an illegal sentence bar relief devastates Congressional intent.

Further, the fact that Mr. Vieux may still retain a higher sentence on counts other than 11 does not justify the denial of relief under § 404. This Court has found that a defendant has a covered offense under § 404 "even if the movant ultimately would be subject to the same statutory sentencing range as a consequence of another drug-quantity element of the offense." *Taylor*, 982 F.3d at 1301. Also, it is impossible to know what future legal changes, made retroactive, could affect Mr. Vieux's sentence for the non-covered offenses, making it critical he be considered for relief on his covered offense. Even reducing the number of life

sentences he has could affect his time in Bureau of Prisons, such as by affecting the programming opportunities for which he is eligible.

Thus, Mr. Vieux has met his burden to show he has a covered offense under § 404. This Court must remand for the district court to consider a reduction.

## II. This Court should direct the district court to correct Mr. Vieux's illegal general sentence.

This Court should also direct the district court to correct Mr. Vieux's illegal general sentence. In *United States v. Files*, this Court found that *United States v. Denson*, 963 F.3d 1080 (11th Cir. 2020), held that a district court is permitted to reduce a defendant's sentence under § 404 only on a covered offense and that this holding survived *Concepcion v. United States*, 597 U.S. 481 (2022). 63 F.4th 920 (11th Cir.), *cert. denied*, 144 S. Ct. 419 (2023). Given the illegal general sentence the district court imposed here, it must break out the sentence for each of Mr. Vieux's counts to properly consider a reduction for his covered offense. That is necessary to apply *Files* in this case.

Further, this Court should reconsider *Denson* and its progeny. A district court ought to have the discretion to reduce both covered and noncovered offenses under the First Step Act. Under the sentencing

package doctrine, this Court has recognized, "[a] criminal sentence in a multi-count case is, by its nature, a package of sanctions that the district court utilizes to effectuate its sentencing intent consistent with the Sentencing Guidelines and with the 3553(a) factors." *United States v. Fowler*, 749 F.3d 1010, 1015 (11th Cir. 2014) (cleaned up). While the Court once limited this doctrine in § 2255 proceedings, it "changed course." *Id*. at 1016. In both direct appeals and § 2255 proceedings, "when the sentencing package becomes unbundled…the district court has the authority to recalculate and reconsider the defendant's sentence." *Id*. at 1017.

Other circuits have followed this reasoning in holding that the district court has the discretion to reduce both covered and noncovered offenses under the First Step Act if they function as a package. *See United States v. Richardson*, 96 F.4th 659 (4th Cir. 2024); *United States v. Curtis*, 66 F.4th 690, 694 (7th Cir. 2023) (holding district court could issue a reduction for noncovered offense if it was grouped with covered offenses); *United States v. Spencer*, 998 F.3d 843, 845 n.1 (8th Cir. 2021) (holding a modification of crack cocaine could permit sentence reduction

on powder cocaine based on First Step Act if defendant was sentenced under a "sentencing package").

This Court should too. First, allowing judges to utilize the sentencing package doctrine is consistent with how district judges practically sentence defendants. Second, while the First Step Act specifically lists limitations in § 404, no such limit exists regarding resentencing for noncovered offenses. § 404(c). And, third, following the sentencing package doctrine in § 404 is most harmonious with the Supreme Court's holding in *Concepcion*. 597 U.S. 481 (2022). There, the Court held that a district court adjudicating a motion under the First Step Act may consider other intervening changes of law (such as changes to the Sentencing Guidelines) or changes of fact (such as behavior in prison) in adjudicating a First Step Act motion. *Id*. at 486. It also highlighted the wide sentencing discretion entrusted to district court judges. "Nothing in the text and structure of the First Step Act expressly, or even implicitly, overcomes the established tradition of district courts' sentencing discretion." *Id*. at 495.

Finally, 28 U.S.C. § 2106 supports a resentencing in Mr. Vieux's case. Section 2106 provides that when an order is lawfully before an

appellate court for review, the court may "remand the cause and direct the entry of such appropriate judgment, decree, or order, *or require such further proceedings to be had as may be just under the circumstances.*" (emphasis added). Here, the district court's order denying Mr. Vieux consideration for § 404 relief is properly before this Court. His case presents exceptional circumstances—an illegal general life sentence that far exceeds the mandatory maximum for several counts. In these specific circumstances, justice requires a remand for resentencing even if that is not the typical rule in § 404 cases.

## III. This Court should reassign Mr. Vieux's case on remand.

This Court may "order reassignment of a criminal case to another district judge as part of [its] supervisory authority over the district courts in this Circuit." *United States v. Torkington*, 874 F.2d 1441, 1446 (11th Cir. 1989) (citing 28 U.S.C. § 2106). In determining whether to order reassignment, this Court considers (1) whether the original judge would have difficulty putting her previous views and findings aside; (2) whether reassignment is appropriate to preserve the appearance of justice; and (3) whether reassignment would entail waste and duplication out of proportion to gains realized from reassignment. *Id.* at 1447.

Here, reassignment is appropriate because the district court's actions relating to Mr. Vieux's 28 U.S.C. § 2255 motion give "rise to the appearance of impropriety and a lack of impartiality in the mind of a reasonable member of the public." *See id.* at 1446. In March 1999, Mr. Vieux moved to vacate his sentence under § 2255. Doc. 256. He also sought to adopt the § 2255 motion of his co-defendant. Doc. 257. When the district court denied this, he moved to amend his own § 2255. Doc. 262. The district court denied his motion to amend, even though the government was not opposed, because he had not submitted a proposed amended § 2255 motion. Docs. 263, 265. He again moved to amend. Doc. 268. The district court again denied it for the same reason. Doc. 269. He then tried to file an amended § 2255 to follow the district court's direction, but the district court struck it stating he had not obtained leave to file the amended § 2255 motion. Docs. 271-272. He then moved again for leave to amend, in another attempt to comply with the district court's order. Doc. 277. The district court denied his motion for leave to amend for the third time, stating it had told him how the proposed § 2255 motion should be presented, and he had failed to do so. Doc. 279.

"A document filed pro se is to be liberally construed." *Erickson v.*

*Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Mr. Vieux, who was incarcerated when he attempted to amend his § 2255 motion, made efforts to comply with the district court's order, filing an amended § 2255 motion when directed. The government did not oppose the amendment. Doc. 265. Seemingly because the motion to amend and the § 2255 motion were filed as separate docket entries and not at the same time, the district court denied the amendment. This is not liberally construing Mr. Vieux's pro se filings. And Mr. Vieux has felt there have been far reaching consequences from his inability to amend since his other attempts to challenge his judgement were denied. Docs. 386, 388, 401.

This, combined with the district court's imposition of an illegal general sentence of life imprisonment in an approximately seven-minute sentencing hearing, creates at least the appearance that the original judge will not fairly consider his case upon remand. Doc. 509; *see Torkington*, 874 F.2d at 1447 ("We must preserve not only the reality but also the appearance of a proper functioning of the judiciary as a neutral, impartial administrator of justice."). Therefore, to, at the very least, preserve the public's perception of a fair and impartial judiciary, this Court should reassign this case to a new district court judge on remand.

## CONCLUSION

For the reasons above, Mr. Vieux asks this Court to determine he has a covered offense under the First Step Act § 404 and remand this case for further proceedings in front of a new judge.

Respectfully submitted,

A. Fitzgerald Hall, Esq.
Federal Defender

*/s/ Laura A. Ferro*
Laura A. Ferro, Esq.
Research and Writing Attorney
Florida Bar Number 1015841
2075 West First Street, Suite 300
Fort Myers, Florida 33901
Telephone 239-334-0397
Email: laura_ferro@fd.org

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

In accordance with Fed. R. App. P. 32(g)(1), I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this brief contains 4,441 words according to Microsoft Word's word count, excluding the parts of the motion exempted by Fed. R. App. P. 32(f).

*/s/ Laura A. Ferro*
Laura A. Ferro, Esq.
Research and Writing Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on July 26, 2024, a true copy of the foregoing was filed using the Court's Electronic Case Filing system, which will send notification to Assistant United States Attorney Sean Siekkinen.

<u>*/s/ Laura A. Ferro*</u>
Laura A. Ferro, Esq.
Research and Writing Attorney